

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 28, 2009**                                                                                     **United States Bankruptcy Judge**

---

*Carolyn A. Taylor*          TBA #08526800/FIN 1290
*Dominique Varner*           TBA #00791182/FIN 18805
*Brendetta A. Scott*          TBA #24012219/FIN 24592
*Patrick McCarren*           TBA # 24051670
*Pascal Arteaga*              TBA#24064838
*333 Clay, 29th Floor*
*Houston, Texas 77002*
*Telephone (713) 759-0818*
*Telecopier (713) 759-6834*
ATTORNEYS FOR EMC MORTGAGE CORPORATION, AS ATTORNEY-IN-FACT AND SERVICER-IN-FACT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2003-B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DAVID WILLIAM KNIGHT § | | Case No. 05-71031-HDH-13 |
| § | | |
| § | | Chapter 13 |
| DEBTOR § | | |
| ***************************** § | | |
| EMC MORTGAGE CORPORATION, AS § | | |
| ATTORNEY-IN-FACT AND SERVICER-IN- § | | |
| FACT FOR DEUTSCHE BANK NATIONAL § | | |
| TRUST COMPANY, AS TRUSTEE FOR NEW § | | |
| CENTURY HOME EQUITY LOAN TRUST, § | | |
| SERIES 2003-B § | | |
| ITS ASSIGNS AND/OR SUCCESSORS § | | |
| IN INTEREST § | | |
| Movant § | | |
| § | | |

1528773-1:EMCM:3695

| | |
|---|---|
| V. | § |
| | § |
| DAVID WILLIAM KNIGHT, Debtor and | § |
| WALTER O'CHESKEY, Trustee | § |
| Respondents | § |

## AGREED ORDER RELATIVE TO
## THE AUTOMATIC STAY OF 11 U.S.C. § 362

Came on to be considered the Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 filed by EMC MORTGAGE CORPORATION, AS ATTORNEY-IN-FACT AND SERVICER-IN-FACT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2003-B ("Movant"), a secured creditor in the above entitled and numbered cause, and Movant and the Debtor, DAVID WILLIAM KNIGHT, by and through his attorney, MONTE J. WHITE, having announced that they have reached an agreement whereby the automatic stay of 11 U.S.C. § 362 should be continued in effect, pending the entry of the Discharge Order in Debtor's main bankruptcy case, with regard to Movant and the Property on the terms and subject to the exceptions set out in this Order and it appearing that due notice of said Motion having been properly given and the Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered.  It is therefore,

ORDERED, ADJUDGED, and DECREED that the automatic stay of 11 U.S.C.§ 362 be, and same is hereby, continued in effect pending the entry of the Discharge Order in, or the dismissal of, Debtor's main bankruptcy case, subject to the exceptions set out in this Order, provided that Debtor shall continue to remit to the Movant the regular post-petition monthly payments pursuant to that certain Texas Home Equity Note dated AUGUST 18, 2003, in the original principal sum of $200,000.00, executed by Debtor,

bearing interest and being payable as therein set out, being secured by the Texas Home Equity Security Instrument "DEED OF TRUST" of even date therewith, filed in the Official Public Records of Real Property of WICHITA County, Texas, and creating a valid, first lien on improved real property in WICHITA County, Texas, being further described as follows:

> LOT NO. THIRTEEN (13), BLOCK NO. ONE (1), OF LAKE WELLINGTON ESTATES, PHASE ONE (1), AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 27, PAGE 337-338, WICHITA COUNTY PLAT RECORDS AND PROPERTY MORE COMMONLY KNOWN AS 5125 WAKEFIELD LANE, WICHITA FALLS, TEXAS 76310

("Property") in the current amount of $1,780.93 per month, as same may periodically be adjusted, commencing on the FIRST (1ST) day of JANUARY 2010 and continuing regularly on the FIRST (1ST) day of each and every consecutive calendar month thereafter until the indebtedness evidenced by said Note is fully paid (it being expressly understood and agreed that the payment is due on the FIRST (1ST) day of the month notwithstanding any grace period prior to imposition of a late charge). It is further

ORDERED that on or before DECEMBER 15, 2009, Debtor shall remit $610.11 to Movant. Upon receipt, Movant shall apply said $610.11, along with $1,170.82 funds presently being held in debtor suspense, to the Debtor's DECEMBER 1, 2009 post petition installment. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby continued in effect, pending the entry of the Discharge Order in, or the dismissal of, Debtor's main bankruptcy case, subject to the exceptions set out in this Order provided that Debtor shall cure the post-petition arrearage and pay attorney fees and costs in the total amount of $675.00, as set forth below:

1528773-1:EMCM:3695

| | |
|---|---|
| Attorney fees & costs | $675.00 |
| **TOTAL** | **$675.00** |

shall be paid over a period not to exceed six (6) months at the rate $112.50 per month, commencing on JANUARY 15, 2010, and continuing on the 15TH day of each month thereafter, until the post-petition arrearage, attorney fees, and costs are fully paid. It is further

ORDERED that Debtor maintains hazard insurance coverage, if not escrowed for such, on the improvements to the Property, and flood insurance if the Property lies within a flood zone, in the amount of the full insurable value thereof, so long as the Debtor owns the Property, showing Movant as the lien holder and loss payee, and provided further that said Debtor furnishes proof of such insurance coverage to Movant, its successors and assigns, within ten (10) days after a request therefore. Failure to provide Movant proof of adequate insurance coverage within the specified time period shall result in automatic termination of stay. It is further

ORDERED that the automatic stay of 11 U.S.C. § 362 be, and same is hereby, continued in effect with respect to EMC MORTGAGE CORPORATION, AS ATTORNEY-IN-FACT AND SERVICER-IN-FACT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2003-B, its successors and assigns, and the Property, provided that Debtor timely pays the ad valorem taxes, if not escrowed for such, covering the Property for calendar year 2009 and subsequent years, on or before January 28th of the next succeeding calendar year, for which such taxes are due, and continuing annually thereafter until the indebtedness secured by the Property is fully paid. Failure to pay all

ad valorem taxes in full within the specified time period shall result in automatic termination of stay.  It is further

ORDERED the Movant will not be in violation of the automatic stay by sending the Debtor the usual and customary monthly statements concerning the Debtor's accounts.  It is further

ORDERED that Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payment(s) owed to the Trustee, if applicable, within thirty (30) days of the date this Order is signed by the Bankruptcy Judge.  It is further

ORDERED that the payment term of this Chapter 13 Order shall not survive upon conversion to a Chapter 7 and Movant shall not be bound by the payment schedule in the event of conversion. It is further

ORDERED that Debtor's tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Agreed Order.  It is further

ORDERED that in the event Debtor fails to abide by any term of this Order and/or  timely make and deliver any such payment to Movant, EMC MORTGAGE CORPORATION, ATTN: OH4-7119; 3415 VISION DRIVE, COLUMBUS, OHIO 43219 and after giving written notice of default by first class mail postage prepaid and by certified mail return receipt requested to the Debtor at 5125 WAKEFIELD, WICHITA FALLS, TX 76310, and to said Debtor's counsel of record, MONTE J. WHITE, Debtor shall have ten (10) days within which to cure the default.  All funds in connection with the defaulted amount must be submitted in ***certified funds or money orders*** and Movant

may charge Debtor $75.00 for any notice given pursuant to this Order. Upon the Debtor's failure to cure such default within ten (10) days after the sending of written notice of default (it being expressly understood and agreed that Debtor is entitled to two (2) written notices of default under this Order assuming timely cure), the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or court action to enable Movant, its successors and assigns, to take all action authorized under the contract and applicable law, including, without limitation, loan workouts, foreclosure and/or eviction. It is further

ORDERED that upon default, Movant shall notify the Court, Debtor, Debtor's attorney, and the Chapter 13 Trustee that the automatic stay has been terminated. It is further

ORDERED that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are hereby waived and Movant, its successors and assigns, may immediately enforce and implement the terms of this order granting relief from the automatic stay.

### END OF ORDER ###

APPROVED:

*The undersigned counsel of record certifies compliance with Rule 4001.*

By: /s/ Patrick McCarren
    Carolyn A. Taylor   TBA #08526800/FIN 1290
    Dominique Varner   TBA #00791182/FIN 18805
    Brendetta A. Scott   TBA #24012219/FIN 24592
    Patrick McCarren   TBA # 24051670
    Pascal Arteaga   TBA#24064838
    333 Clay 29th Floor
    Houston, Texas 77002
    Telephone (713) 759-0818
    Telecopier (713) 759-6834
    ATTORNEY IN CHARGE FOR MOVANT

By: */s/ Monte J. White, with written permission*
    MONTE J. WHITE
    1106 BROOK AVENUE
    WICHITA FALLS, TX 76301
    Telephone 940-723-0099
    Telecopier
    ATTORNEY FOR DEBTOR